## DOWNES *v.* TARKINGTON, Sheriff, et al.

A copy of a record of proceedings in a court of this State, authenticated by the seal of the court, and certified by a deputy clerk, is sufficiently attested. The deputy is an officer known to the law. C. P. 782.

DOWNES
*v.*
TARKINGTON.

APPEAL from the District Court of Madison, *Selby,* J.  *J. J. Amonett,* for the appellant, cited C. P. 782.  10 Martin, 148.  15 La. 38.  *Thomas* and *Snyder,* for the defendants, relied on 19 La. 542.  The judgment of the court was pronounced by

EUSTIS, C. J.  The plaintiff obtained an injunction against an order of seizure and sale, which was granted on the application of the executrix of the late *James Armor,* on the ground that she had no mortgage on the property seized.  The district judge awarded damages to the executrix, defendant, in dissolving the injunction, and the plaintiff has appealed.

The plaintiff claimed to hold the property under a sheriff's sale frée from mortgage, and offered in evidence the record and proceedings of the suit under which he became the purchaser, which was not admitted by the judge on the ground that it was not duly certified, it being signed by a deputy clerk only. The copy of the record was under the seal of the court, and signed and certified by an officer known to the law—the deputy clerk of the Court of the Fifth District of New Orleans; and we think the judge erred in refusing to receive the same in evidence.  C. P. 782.  *Bank of Louisiana* v. *Watson.* 15 La. 40. The deputy clerk of this court certifies copies of its records under the seal of the court, in conformity with the provision of the Code of Practice, and we believe the invariable usage under it.

The judgment of the District Court is therefore reversed, and the case remanded for further proceedings; the appellees paying the costs of this appeal.